## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

STACEY LYNN DUCHAC,

      PLAINTIFF

  -vs-

VILLAGE OF EDWARDSBURG,
a municipal corporation;
TOWNSHIP OF ONTWA,
a municipal corporation;
OFFICER TERRY BURROWS,
Individually, and in official capacity,

      DEFENDANTS

Case No.

HON.

JURY TRIAL DEMANDED

Marcel S. Benavides, P 69562
Attorney for PLAINTIFF
3321 Rochester Rd.
Royal Oak, MI 48073
Tel: (248) 549-8555
Fax: (248) 256-1592
Email: benavideslaw@att.net

## **COMPLAINT AND JURY DEMAND**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

**NOW COMES** the PLAINTIFF, Stacey Lynn Duchac, by and through her attorney, **MARCEL S. BENAVIDES**, and for her complaint against Village of Edwardsburg ("Defendant Village of Edwardsburg"), Township of Ontwa

1

("Defendant Ontwa Township") and Officer Terry Burrows ("Defendant Officer Burrows"), states as follows:

## JURISDICTION & VENUE

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1367 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

3.     Venue is proper under 28 U.S.C. § 1391 (b) as the events giving rise to the claims asserted in this complaint occurred within this District.

## PARTIES

4.     Plaintiff is a resident of the State of Indiana.

5.     Defendant Village of Edwardsburg is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

6.     Defendant Ontwa Township is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

2

7.    Defendant Officer Burrows is and/or was at all relevant times a police officer employed by the Ontwa Township-Edwardsburg Police Department, a resident of Michigan, was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

8.    Defendant Village of Edwardsburg and Defendant Ontwa Township are liable under state and/or federal law for all injuries proximately caused by the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan.

9.    All relevant events giving rise to this lawsuit occurred in the Village of Edwardsburg, County of Cass, State of Michigan.

## **FACTS**

10.    On or about February 8, 2026, Plaintiff, Stacey Duchac, was driving her vehicle on Main Street in Edwardsburg, County of Cass, State of Michigan. She was a 55-year-old mother who specialized in professional counseling for children and adolescents and as an educator.

3

11.    Defendant Officer Burrows conducted a traffic stop of Plaintiff for an alleged speeding violation.

12.    After receiving relevant information from Plaintiff at the traffic stop, Defendant Officer Burrows returned to his police car and ran her information in LEIN, which is the Law Enforcement Information Network. He learned that Plaintiff had a "failure to appear" warrant for a traffic citation which allegedly Cass County Central Dispatch verified the warrant and indicated that the warrant had a $250 cash/surety bond.

13.    Defendant Officer Burrows exited his police car, approached Plaintiff, and asked her to step out of her vehicle. When Plaintiff inquired why she was being asked to step out of the vehicle, Defendant Officer Burrows refused to tell her his reasoning. Defendant Officer Burrows then opened Plaintiff's driver's side door. Defendant Officer Burrows then told Plaintiff she was under arrest and she inquired for what reason she was being arrested during the routine traffic stop. Defendant Officer Burrows again refused to explain his reasoning to arrest Plaintiff. He then went on to his dispatch radio and lied by stating "yeah if you want to start this way, she's trying to fight me." Plaintiff was not fighting with Defendant Officer Burrows as she was still strapped in her seatbelt inquiring as to his actions to arrest her. For no reason, Defendant Office Burrows aggressively grabs Plaintiff by her clothing and arm and uses excessive force in taking her out of the vehicle. His use of

4

excessive force is despite Plaintiff indicating she was getting out of the vehicle and attempting to remove her seatbelt to exit the car. Defendant Officer Burrows then unlawfully uses various unreasonable and excessive force tactics, such as arm bar and torquing Plaintiff's arms upwards, which caused extreme pain and injury to Plaintiff. Defendant Officer Burrows again inexplicably used excessive force by tripping and body slamming Plaintiff down to the asphalt street with a high level of force where all of their combined body weight smashed her right shoulder into the hard pavement breaking her shoulder bone in various areas. Plaintiff did not resist. She simply questioned Defendant Officer Burrows' unknown reason of placing her under arrest at a traffic stop for speeding moments before he broke her shoulder by the use of excessive force.

14.     Defendant Officer Burrows' body camera and squad car recordings (audio and video captured) show his use of excessive use of force. Plaintiff did not resist and was compliant when Defendant Officer Burrows made the choice to assault Plaintiff.

15.     The video shows Defendant Officer Burrows violently slamming Plaintiff onto the ground. Plaintiff, who had previously sustained a double mastectomy with reconstructive surgery, struck her chest on the pavement when Defendant Officer Burrows slammed her to the ground, causing injury. She also sustained trauma and injury by Defendant Officer Burrows' use of excessive force

in his physical maneuvers to both of her shoulders and to her other extremities that hit the pavement causing immense pain and injury.

16.     Plaintiff was immediately presented to the hospital with a three-part fracture to her right shoulder, right closed comminuted proximal humerus fracture, medial calcar loss, comminuted greater trochanter and right long head of the biceps tendon laceration. The significant injuries required complicated surgery to repair Plaintiff's shoulder/arm which mandated placement of numerous screws and plates in her shoulder. Plaintiff has a permanent very large scar from the incision that was needed to repair the completely unnecessary damage done by Defendant Officer Burrows. Plaintiff also suffers from damage to her left rotator cuff due to Defendant Officer Burrows' use of excessive force at the traffic stop.

Plaintiff's X-ray showing the plates and screws used to repair her severely broken shoulder due to Defendant Officer Burrows' use of excessive force:



Plaintiff's surgery scar:



17. The video also shows Plaintiff sitting on the ground handcuffed with a broken arm as she requested an ambulance at the scene. Defendant Officer Burrows' superior, Sgt. Erickson who arrived at the scene quickly mocked Plaintiff's request for medical attention stating to her, "Well, I'm sure you deserved it."

18. Sgt. Erickson, who also has been successfully sued for his recent use of excessive force, cunningly attempted on video to coach Defendant Officer Burrows on how to increase the charges against Plaintiff by exaggerating injuries and did so with a literal wink of his eye when stating so.

19. Defendant Officer Burrows falsely requested the felony charge of Police Officer-Assaulting/Resisting/Obstructing contrary to MCL 750.81d(1).

20.    Defendant Officer Burrows lied in his police report about Plaintiff's alleged criminal conduct. Defendant Officer Burrows knowingly lied and falsified the factual basis of the alleged criminal conduct of Plaintiff of assaulting/resisting/obstructing a police officer to sustain the criminal charges that he sought to be levied by the reviewing assistant prosecutor at the Cass County Prosecutor's Office. The assistant prosecutor reviewed Defendant Officer Burrows' police report to establish probable cause for issuing the charge of the felony count of Police Officer-Assaulting/Resisting/Obstructing contrary to MCL 750.81d(1) against Plaintiff.

21.    Plaintiff was arraigned on the false felony charge where her Constitutional Rights were limited with the setting of bond conditions. However, on April 1, 2026, the Cass County Assistant Prosecutor dismissed the felony charge against Plaintiff via a Nolle Prosequi order, indicative of Plaintiff's innocence.

22.    Defendant Officer Burrows' use of excessive force, not limited to the body slamming and take down methods, to Plaintiff, who was compliant and not resisting, violated her Constitutional rights as stated above and below.

23.    Plaintiff suffered and continues to suffer severe pain and mental distress from the physical trauma due to the excessive force from Defendant Officer Burrows' actions. Plaintiff has been unable to work due to her injury and has undergone medical treatment / surgery and extensive physical rehabilitation.

24.     Plaintiff's medical providers have opined that she may never get full use of her arm again due to the severe shoulder injury, and that she may need to replace the entire shoulder if the humeral head experiences avascular necrosis,[1] and the screws inappropriately migrate into the humeral head. Plaintiff may lose her biological shoulder due to the excessive force used by Defendant Officer Burrows.

## COUNT I: §1983 EXCESSIVE FORCE

25.     Plaintiff re-alleges all of the preceding paragraphs and incorporates them into this count as more fully described in those paragraphs.

26.     As more fully described in the preceding paragraphs, the intentional conduct of Defendant Officer Burrows, acting under color of law, toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

27.     As a direct and proximate result of Defendant Officer Burrows' use of excessive force, Plaintiff suffered pain and injuries not limited to emotional injuries, all past, present, and future as well as loss of enjoyment of life, humiliation, and degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officer Burrows, in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs,

---

[1] Avascular necrosis is the death of bone tissue due to loss of blood supply.

interest, attorney fees per 42 U.S.C Section 1988, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT II: §1983 MALICIOUS PROSECUTION

28.    Plaintiff re-alleges all of the preceding paragraphs and incorporates them into this count as more fully described in those paragraphs.

29.    As is more fully described above, Defendant Officer Burrows initiated criminal proceedings against Plaintiff and/or caused the criminal proceedings to continue against her by instituting the felony charge, without probable cause to believe she had committed a crime. Indeed, Plaintiff had committed no crime.

30.    With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant Officer Burrows caused the creation of false and/or inaccurate investigation / police reports, which were relied on in the ultimate decision by the Cass County Prosecutor's Office to approve the felony charge against Plaintiff.

31.    Defendant Officer Burrows caused the creation of false reports and/or gave false accounts and/or gave false testimony regarding the incident to other members of law enforcement and/or judicial officers and/or Cass County Prosecutors, causing Plaintiff to be charged with a felony count. This false information was relied on by judicial officers and the Cass County Prosecutor's

10

Office when Plaintiff was prosecuted at all levels on the felony charge of Police Officer-Assaulting/Resisting/Obstructing contrary to MCL 750.81d(1).

32.    Defendant Officer Burrows fabricated evidence including that that Plaintiff had assaulted, resisted, or obstructed Defendant Officer Burrows. Said fabricated evidence was relied on by the Cass County Prosecutor's Office when the assistant prosecutor approved the felony charge against Plaintiff of Police Officer-Assaulting/Resisting/Obstructing contrary to MCL 750.81d(1).

33.    All proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

34.    As a direct and proximate result of Defendant Officer Burrows' malicious prosecution, Plaintiff suffered undue incarceration and/or loss of liberty, compensatory, and emotional damages for having to defend herself against the false charges.

35.    Defendant Officer Burrows' actions were the direct and proximate cause of Plaintiff's malicious prosecution, which violated her Fourth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff prays for judgment against Defendant Officer Burrows, in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees per 42 U.S.C Section 1988, as well as substantial punitive and

exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT III: §1983 MUNICIPAL LIABILITY
## DEFENDANT VILLAGE OF EDWARDSBURG and DEFENDANT ONTWA TOWNSHIP

36.   Plaintiff re-alleges all of the preceding paragraphs and incorporates them into this count as more fully described in those paragraphs.

37.   Defendant Village of Edwardsburg and Defendant Ontwa Township acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs, policies, and/or practices that directly and proximately caused the injuries and damages suffered by Plaintiff.

38.   These customs, policies, and/or practices included but were not limited to the following:

    a. Failing to supervise officers to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise officers regarding the proper use of force;

    c. Failing to adequately train and/or supervise officers regarding legal search and/or seizures;

    d. Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

e.  Failing to properly hire, supervise, review, and/or discipline officers whom Defendant Village of Edwardsburg and Defendant Ontwa Township knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; Defendant Village of Edwardsburg and Defendant Ontwa Township knew or should have known of Defendant Officer Burrows' propensity to violate citizens' constitutional rights and to disregard police departments' policies as Defendant Officer Burrows may have been sued as a police officer in various other civil rights matters or may have had similar constitutional violation complaints lodged against him;

f.  Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies;

39.  Plaintiff's injuries in this case were proximately caused by customs, policies, and practices of Defendant Village of Edwardsburg and Defendant Ontwa Township, which by its deliberate indifference, allows its police officers to violate the constitutional rights of citizens without fear of any meaningful investigation or punishment. In this way, Defendant Village of Edwardsburg and Defendant Ontwa

Township violated Plaintiff's rights since it created the opportunity for Defendant Officer Burrows to commit the foregoing constitutional violations.

40.   The misconduct described in the preceding paragraphs has become a widespread practice, and so well settled as to constitute *de facto* policy in the Defendant Village of Edwardsburg and Defendant Ontwa Township Police Departments. This policy was able to exist and thrive because governmental policymakers have exhibited deliberate indifference to the problem, thereby ratifying it.

41.   The widespread practice described in preceding paragraphs was allowed to flourish because Defendant Village of Edwardsburg and Defendant Ontwa Township have declined to implement sufficient hiring, training and/or legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

42.   The policies and practices of Defendant Village of Edwardsburg and Defendant Ontwa Township directly and proximately led to the injuries Plaintiff suffered at the hands of Defendant Officer Burrows.

43.   As a direct and proximate result of said Constitutional violations, Plaintiff suffered loss of freedom, mental anguish, pain and suffering, loss of enjoyment of life, humiliation, degradation, and emotional injuries, all past, present, and future.

WHEREFORE, Plaintiff prays for judgment against Defendant Officer Burrows, Defendant Village of Edwardsburg and Defendant Ontwa Township, in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees per 42 U.S.C Section 1988, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## STATE LAW CLAIMS:

## COUNT IV: ASSAULT AND BATTERY

44.   Plaintiff re-alleges all of the preceding paragraphs and incorporates them into this count as more fully described in those paragraphs.

45.   Defendant Officer Burrows intentionally threatened or caused Plaintiff to be threatened with, and to suffer, unnecessary or excessive physical contact.

46.   The physical contact inflicted by Defendant Officer Burrows against Plaintiff was malicious and undertaken in bad faith.

47.   As a direct and proximate cause of the assault and battery that Defendant Officer Burrows inflicted upon Plaintiff, she sustained injuries and damages.

48. The actions of Defendant Officer Burrows were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus she is entitled to exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Officer Burrows, in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees per 42 U.S.C Section 1988, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49.   Plaintiff re-alleges all of the preceding paragraphs and incorporates them into this count as more fully described in those paragraphs.

50.   Defendant Officer Burrows acted intentionally and recklessly towards Plaintiff.

51.   The actions of Defendant Officer Burrows were so outrageous and extreme as to go beyond all possible bounds of decency and are regarded as atrocious and intolerable in a civilized society.

52. As a direct and proximate result of the unlawful actions of Defendant Officer Burrows, Plaintiff suffered severe and ongoing emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant Officer Burrows, in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees per 42 U.S.C Section 1988, as well as substantial punitive and

exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT VI: GROSS NEGLIGENCE

53. Plaintiff re-alleges all of the preceding paragraphs and incorporates them into this count as more fully described in those paragraphs.

54. Defendant Village of Edwardsburg and Defendant Ontwa Township, which employed Defendant Officer Burrows through its police department, was engaged in the exercise or discharge of a governmental function.

55. Defendant Officer Burrows had a legal duty to exercise reasonable care and caution, and to perform his employment activities so as not to endanger or cause harm to Plaintiff.

56. Defendant Officer Burrows breached his duty to use reasonable care and caution with respect to Plaintiff through his above-described actions, including by his use force against Plaintiff in the manner that he did and maliciously prosecuting Plaintiff.

57. Defendant Officer Burrows knew, or should have known, that by breaching his duty, harm would come to Plaintiff. The harm that did come to Plaintiff was reasonably foreseeable.

58. The conduct of Defendant Officer Burrows amounted to gross negligence, which was the proximate cause of Plaintiff's injuries and damages.

59.    The actions of Defendant Officer Burrows were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Officer Burrows, Defendant Village of Edwardsburg, and Defendant Ontwa Township in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees per 42 U.S.C Section 1988, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT VII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60.    Plaintiff re-alleges all of the preceding paragraphs and incorporates them into this count as more fully described in those paragraphs.

61.    Through his acts and/or omissions Defendant Officer Burrows acted negligently and/or grossly negligently towards Plaintiff.

62.    The actions of Defendant Officer Burrows were so outrageous and extreme as to go beyond all possible bounds of decency and are regarded as atrocious and intolerable in a civilized society.

63.    As a direct and proximate result of Defendant Officer Burrows' negligent acts and/or omission as described in detail above, Plaintiff suffered severe emotional distress and mental anguish.

18

WHEREFORE, Plaintiff prays for judgment against Defendant Officer Burrows, in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees per 42 U.S.C Section 1988, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

Respectfully submitted,

By:    /s/ Marcel S. Benavides
        Marcel S. Benavides, P 69562
        Attorney for PLAINTIFF
        3321 Rochester Rd.
        Royal Oak, MI 48073
        Tel: (248) 549-8555
        Fax: (248) 256-1592
        Email: benavideslaw@att.net

19

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

STACEY LYNN DUCHAC,

     PLAINTIFF

  -vs-                             Case No.

                                           HON.

VILLAGE OF EDWARDSBURG,
a municipal corporation;
TOWNSHIP OF ONTWA,
a municipal corporation;
OFFICER TERRY BURROWS,
Individually, and in official capacity,

       Defendants                   JURY TRIAL DEMANDED

Marcel S. Benavides, P 69562
Attorney for PLAINTIFF
3321 Rochester Rd.
Royal Oak, MI 48073
Tel: (248) 549-8555
Fax: (248) 256-1592
Email: benavideslaw@att.net

## **PLAINTIFF DEMANDS A TRIAL BY JURY**

    **NOW COMES** the Plaintiff, Stacey Lynn Duchac, by and through her

attorney, Marcel S. Benavides, and demands a trial by jury in this matter.

Respectfully submitted,

By:    /s/ Marcel S. Benavides

Marcel S. Benavides, P69562
Attorney for PLAINTIFF
3321 Rochester Rd.
Royal Oak, MI 48073
Tel: (248) 549-8555
Fax: (248) 256-1592
Email: benavideslaw@att.net